# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS YUDKOVITZ, | : | |
| Plaintiff, | : | Case No. 02-CV-3029 |
| v. | : | |
| BELL ATLANTIC COPORATION, BELL ATLANTIC NETWORK SERVICES, INC., VERIZON COMMUNICATIONS INC. and VERIZON SERVICES CORP. | : | JUDGE LOWELL REED |
| Defendants. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Verizon Communications Inc., formerly known as Bell Atlantic Corporation, and Verizon Services Corp., formerly known as Bell Atlantic Network Services, Inc. (Verizon Communications Inc. and Verizon Services Corp. collectively referred to hereinafter as "Defendants"), state as follows in response to the Complaint filed by Plaintiff Louis Yudkovitz ("Plaintiff"):

### Nature of Claim

1.      Defendants admit that Plaintiff has filed this action alleging violations of the Americans with Disabilities Act and the Pennsylvania Wage Payment and Collection Law.

2.      Defendants admit that Plaintiff has requested a trial by jury.

### Jurisdiction

3.      The allegations contained in Paragraph 3 of the Complaint are conclusions of law to which no response is required on the part of Defendants, and to the extent that a response is deemed necessary, those allegations are denied.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint; therefore, those allegations are denied.

5. Defendants admit that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (No. 170A01533) against Verizon Services Corp., dated July 13, 2000. Defendants are without knowledge or information sufficient to form a belief as to whether any charge was filed with the Pennsylvania Human Relations Commission; therefore, that allegation is denied. The remaining allegations contained in Paragraph 5 of the Complaint are conclusions of law to which no response is required on the part of Defendants, and to the extent that a response is deemed necessary, those allegations are denied.

6. Defendants admit that on September 27, 2001, Marie M. Tomasso, District Director of the EEOC, issued a Determination in connection with Charge No. 170A01533. Ms. Tomasso's Determination is a written document that speaks for itself and, therefore, Defendants deny any allegations inconsistent therewith.

7. Defendants admit that their records reflect that the EEOC issued to Plaintiff a Notice of Right to Sue dated April 10, 2002.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint; therefore, those allegations are denied.

**Parties**

9. Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 9 of the Complaint; therefore, those allegations are denied.

10.     Defendants admit that Bell Atlantic Corporation had a principal place of business located at 1717 Arch Street, Philadelphia, Pennsylvania.  Defendants deny the remaining allegations in Paragraph 10 of the Complaint.

11.     Defendants admit that Bell Atlantic Network Services, Inc. had a principal place of business located at 1717 Arch Street, Philadelphia, Pennsylvania.  Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12-13   Defendants admit the allegations in Paragraph 12 and 13 of the Complaint.

## Factual Background

14.     Defendants admit that their records reflect that Plaintiff was hired as a Software Engineer by Bell Atlantic Network Services, Inc., a subsidiary of Bell Atlantic Corporation, on or about June 1, 1999.

15.     Defendants admit that their records reflect that Plaintiff was initially hired into the Release Planning and Delivery Management group and that he was later assigned temporarily to work in the Production Support Management group.

16.     Defendants admit that their records reflect that Plaintiff's annual salary was $67,000.  Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17-18   Defendants deny the allegations in Paragraphs 17 and 18 of the Complaint.

19.     Defendants admit that employees in Plaintiff's group were permitted to work from home if, among other things, the employee had a satisfactory performance evaluation and did not require close supervision or the employee was assigned to do out-of-hours work.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 19 of the Complaint; therefore, they are denied.

20.     Defendants admit that their records reflect that in or about November, 1999, Plaintiff requested to telecommute one day a week so as to avoid riding public transportation late

PII-1068393v1

at night.  Defendants' records further reflect that Plaintiff's request was granted due to his schedule to work one day a week from 3:00 p.m. to 11:00 p.m..  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 20 and, therefore, those allegations are denied.

       21-22    Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraphs 21 and 22 of the Complaint; therefore, those allegations are denied.

       23.    Defendants admit that their records reflect that Plaintiff missed approximately 19 work days between November, 1999, and May, 2000.  Defendants further admit that Plaintiff's November 19, 1999 absence, December 6-9, 1999 absences, and December 13-19, 1999 absences were counted as short-term disability leave.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint; therefore, they are denied.

       24.    Defendants deny the allegations in Paragraph 24 of the Complaint.

       25.    Defendants admit that upon his return to work following his November 1999 absences, Plaintiff informed his supervisor, Rosemary Brown, that he had been ill.  Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

       26.    Defendants admit that Plaintiff periodically used a quad-based cane while in the office.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 26; therefore, those allegations are denied.

       27.    Defendants deny that Plaintiff ever requested the accommodation of working from home due to his alleged condition.  Defendants are without knowledge or information

sufficient to form a belief as to truth of the remaining allegations in Paragraph 27 of the Complaint; therefore, those allegations are also denied.

28. Defendants deny that Plaintiff ever requested the accommodation of working from home due to his alleged condition. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Complaint; therefore, those allegations are denied.

29. Defendants admit that employees approved to telecommute were responsible for providing their own home computer and ensuring that that computer met all of the necessary requirements to support the necessary software, which software was provided by Defendants. Defendants admit that their records reflect that Plaintiff's home computer was not capable of supporting the software provided by Defendants which would have enabled Plaintiff to telecommute. Defendants admit that their records further reflect that at no time prior to Plaintiff's termination of employment did Plaintiff notify Defendants that he had obtained the necessary computer requirements to support the software. Defendants are without knowledge or information sufficient to know what "at-home computer capabilities" Plaintiff claims he requested and did not receive; therefore, those allegations are denied.

30. Defendants are without knowledge or information sufficient to know what "at-home computer capabilities" Plaintiff is referring to in Paragraph 30 of the Complaint; therefore, the allegation in Paragraph 30 of the Complaint are denied.

31. Defendants admit that their records reflect that on or about October, 1999, Plaintiff was temporarily assigned to work in the Production Support Management group and that, among his tasks, Plaintiff was assigned to take minutes at weekly meetings and distribute

them to other staff members. Defendants deny the remaining allegations in Paragraph 31 of the Complaint.

33. Defendants admit that their records reflect that in March, 2000, Plaintiff's Overall Rating for the period June 1, 1999, through December 31, 1999, was "Improvement Needed to Meet Position Requirements." Defendants admit that their records also reflect that, at that time, Plaintiff was placed on a Management Performance Improvement Plan and was provided with specific, well-defined and attainable objectives that would enable him to be successful and remain employed by Defendants.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint; therefore, those allegations are denied.

34. Defendants admit that their records reflect that Plaintiff made some improvement during the period of his initial placement on a Management Performance Improvement Plan. However, because Plaintiff's performance was still not satisfactory for his position, his Management Performance Improvement Plan was extended.

35. Defendants admit that on April 17, 2000, Plaintiff informed his supervisor, Rosemary Brown, for the first time, that he suffered from Multiple Sclerosis. Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36. Defendants admit that their records reflect that Plaintiff was absent from work from May 2 - 4, 2000. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of the Complaint; therefore, those allegations are denied.

37. Defendants admit that their records reflect that Plaintiff was notified on May 12, 2000, that his employment had been terminated effective May 8, 2000. Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

38-42  The allegations contained in Paragraphs 38 through 42 of the Complaint are conclusions of law to which no response is required on the part of Defendants, and to the extent that a response is deemed necessary, those allegations are denied.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff, together with costs and fees.

## COUNT I

43. Defendants repeat and reallege their responses to Paragraphs 1 through 42 of the Complaint as if set forth fully herein.

44-51  The allegations contained in Paragraphs 44 through 51 of the Complaint are conclusions of law to which no response is required on the part of Defendants, and to the extent that a response is deemed necessary, those allegations are denied.

Defendants deny that Plaintiff is entitled to any relief, including but not limited to the relief requested in the WHEREFORE clause of Count I of his Complaint.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff, together with costs and fees.

## COUNT II

52. Defendants repeat and reallege their responses to Paragraphs 1 through 51 of the Complaint as if set forth fully herein.

53. Defendants admit that their records reflect that Plaintiff was employed by Bell Atlantic Network Services, Inc. from approximately June 1, 1999, to May 8, 2000.

54-56   The allegations contained in Paragraphs 54 through 56 of the Complaint are conclusions of law to which no response is required on the part of Defendants, and to the extent that a response is deemed necessary, those allegations are denied.

Defendants deny that Plaintiff is entitled to any relief, including but not limited to the relief requested in the WHEREFORE clause of Count II of his Complaint.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff, together with costs and fees.

To the extent any allegations contained within the Complaint have not been admitted or denied, they are hereby denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of his failure to exhaust his administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Defendants had legitimate non-discriminatory business reasons for any actions taken with respect to Plaintiff's employment, that were not a pretext for discrimination.  Further, all employment decisions regarding Plaintiff were made in good faith and were based on reasonable factors other than any alleged disability.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's disability claims are barred, in whole or in part, because Plaintiff is not disabled within the meaning of the Americans with Disabilities Act.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's disability claims are barred, in whole or in part, because Plaintiff is not a qualified individual with a disability under the Americans with Disabilities Act.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's wage claims are barred, in whole or in part, because Plaintiff was paid all monies due and owed him.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's wage claims are barred, in whole or in part, because, under Defendants leave policies, terminated employees are not entitled to payment for unused personal days.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's wage claims are barred, in whole or in part, because all actions taken by Defendants with respect to Plaintiff were done in good-faith.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's requested relief is not available under the statutes at issue.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are speculative and in many instances, are unavailable to him as a matter of law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to mitigate or minimize his alleged damages, his entitlement to which Defendants expressly deny.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief requested in the Complaint. Accordingly, Defendants respectfully request that the Court enter judgment for Defendants and award them their costs and fees incurred in this action.

Dated: July 19, 2002                              Respectfully submitted,

_____
Robert O. Lindefjeld
Pa. I.D. #70444

JONES, DAY, REAVIS & POGUE
500 Grant Street, 31st Floor
Pittsburgh, PA  15219
Tel:  (412) 391-3939
Fax: (412) 394-7959

Attorneys for Defendants Verizon
Communication Inc. and Verizon Services
Corp.

PII-1068393v1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Answer and Affirmative Defenses** was served upon the following counsel of record via first-class U.S. Mail as follows:

>Andrew S. Abramson, Esq.
>LAW OFFICES OF ANDREW S. ABRAMSON
>The Pavilion
>261 Old York Road, Suite 511
>P.O. Box 724
>Jenkintown, PA  19046

Dated:  July 19, 2002

_____
Todd C. Duffield