IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS YUDKOVITZ, : | |
| : | |
| Plaintiff, : | Case No. 02-CV-3029 |
| : | |
| v. : | |
| : | |
| BELL ATLANTIC CORPORATION, BELL : | JUDGE LEGROME DAVIS |
| ATLANTIC NETWORK SERVICES, INC., : | |
| VERIZON COMMUNICATIONS INC. and : | |
| VERIZON SERVICES CORP. : | |
| : | |
| Defendants. : | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Bell Atlantic Corporation, Bell Atlantic Network Services, Inc., Verizon Communications Inc. and Verizon Services Corp. (collectively "Verizon") move for summary judgment pursuant to Federal Rule of Civil Procedure 56 and state as follows in support thereof:

1. Plaintiff, Louis Yudkovtiz ("Plaintiff") claims in his First Amended Complaint that Defendants discriminated against Plaintiff on the basis of some purported disability by failing to provide a reasonable accommodation and by terminating Plaintiff's employment. (First Amended Complaint, Counts I and III).

2. The parties have executed and filed with the Court a stipulation dismissing with prejudice Plaintiff's wage payment claim at Count II.

3. The only claims before the Court are Plaintiff's disability discrimination claims at Counts I and III.

4. As is discussed in Verizon's contemporaneously filed Brief in Support of Motion for Summary Judgment, Plaintiff's claim that Verizon failed to accommodate some purported disability fails as a matter of law because:

    (i) Plaintiff did not have a covered disability;

    (ii) the requested accommodation -- to work from home -- was unreasonable;

    (iii) Verizon had no duty to provide an accommodation; and

    (iv) Verizon granted Plaintiff's request for telecommuting access.

5. As is discussed in Verizon's contemporaneously filed Brief in Support of Motion for Summary Judgment, Plaintiff's claim that Verizon discriminated against him on the basis of disability by terminating his employment fails as a matter of law because:

    (i) Plaintiff is not "disabled"; and

    (ii) Plaintiff cannot adduce evidence that Verizon's reasons for terminating him were a pretext for discrimination.

WHEREFORE, Defendants Bell Atlantic Corporation, Bell Atlantic Network Services, Inc., Verizon Communications Inc. and Verizon Services Corp. request that the Court enter summary judgment for Verizon and dismiss with prejudice Plaintiff's First Amended Complaint in its entirety.

March 13, 2003                                        Respectfully submitted,

                                                                /s/
James S. Urban (admitted *pro hac vice*)
Pa. I.D. #82019
Todd C. Duffield (admitted *pro hac vice*)
Pa. I.D. #84041
John E. Iole, *Associate Counsel*
Pa. I.D. #47768

Jones Day
One Mellon Center
500 Grant Street, Suite 3100
Pittsburgh, PA  15219
Tel:  412-391-3939
Fax: 412-394-7059

Attorneys for Defendants Bell Atlantic Corporation, Bell Atlantic Network Services, Inc. Verizon Communications Inc. and Verizon Services Corp.

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing **Defendants' Motion for Summary Judgment** was served this day upon counsel for Plaintiff via first-class, U.S. Mail, postage prepaid, at the following address:

> Andrew S. Abramson, Esq.
> LAW OFFICES OF ANDREW S. ABRAMSON
> The Pavilion
> 261 Old York Road, Suite 511
> P.O. Box 724
> Jenkintown, PA  19046

Dated:  March 13, 2003                                     /s/
                                                                          James S. Urban