IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS YUDKOVITZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 02-CV-3029 |
| v. | : | |
| | : | JUDGE LEGROME DAVIS |
| BELL ATLANTIC CORPORATION, BELL ATLANTIC NETWORK SERVICES, INC., VERIZON COMMUNICATIONS INC. and VERIZON SERVICES CORP. | : : : : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' REPLY BRIEF
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

### I.    INTRODUCTION[1]

Defendants Bell Atlantic Corporation, Bell Atlantic Network Services, Inc., Verizon Communications Inc. and Verizon Services Corp. (collectively "Verizon") previously presented the Court with well-supported reasons to grant summary judgment for Verizon and dismiss with prejudice Plaintiff's First Amended Complaint in its entirety.  Plaintiff Louis Yudkovitz ("Plaintiff"), in order to defeat Verizon's motion, had to point to some genuine issue of material fact that was in dispute in this case and that would warrant going to trial.  He has failed to do so.

Plaintiff's own sworn testimony definitively establishes that he was not substantially limited in any major life activity.  Further, Plaintiff admits that his request to work from home was not due to any limitations in the work place but was solely related to a commuting inconvenience.  Finally, Plaintiff has failed to point to any evidence that Verizon's legitimate,

---

[1]    The parties previously agreed, and submitted in their Joint Case Management Plan, that a moving party would be permitted to file a Reply Brief within ten (10) days from the receipt of any response to a Motion for Summary Judgment.  Verizon received Plaintiff's response to its Motion for Summary Judgment on March 31, 2003.  This Reply Brief is being filed on April 10, 2003, within ten (10) days from receipt of Plaintiff's response.

nondiscriminatory reasons for terminating his employment were pretextual.  Because Plaintiff has raised no genuine issues of material fact in this case, Verizon is entitled to judgment as a matter of law and Plaintiff's First Amended Complaint should be dismissed with prejudice.

## II.    ARGUMENT

**A.    Plaintiff Has Failed To Meet His Summary Judgment Burden.**

Once Verizon presented its properly supported motion for summary judgment, it was absolutely incumbent upon Plaintiff to present affirmative evidence to defeat summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Plaintiff had the "duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in [his] favor." Ridgewood Bd. of Educ. v. N.E., 172 F.3d 238, 252 (3d Cir. 1999) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)); see also, Mroczek v. Bethlehem Steel Corp., 126 F. Supp. 2d 379, 384 (E.D. Pa. 2001) (stating that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial")  "Speculation and conclusory allegations do not satisfy this duty." Id. (citing Groman v. Township of Manalapan, 47 F.3d 628, 637 (3d Cir.1995)); see also Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1989) (stating that nonmoving party must present "more than a mere scintilla of evidence in its favor" and may not rely on unsupported assertions or conclusory allegations); Federico v. Charterers Mut. Assur. Ass'n Ltd., 158 F. Supp. 2d 565, 568 (E.D. Pa. 2001) (stating that "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment") (quoting Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n. 12 (3d Cir.1990)).

To defeat summary judgment, Plaintiff was required to point to "sufficient cognizable evidence to create material issues of fact concerning every element as to which [he] will bear the burden of proof at trial." Fuentes v. Perskie, 32 F.3d 759, 762 n.1 (3d Cir. 1994); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Further, the evidence relied on by Plaintiff must be capable of being admissible at trial.  See Callahan v. AEV, Inc., 182 F.3d 237, 252 n.11 (3d Cir. 1999).

In Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Opposition Brief"), Plaintiff points to no evidence or case law that supports his claims.  Instead, Plaintiff relies on an inadmissible EEOC determination to supposedly establish disputed issues of fact.  Because EEOC determinations are not admissible evidence, however, they cannot form the basis for denying summary judgment.  See Ricker v. Food Lion, Inc., 3 Fed. Appx. 227, 230 (6th Cir. 2001) (stating that EEOC determination would not be admissible at trial and therefore should not be considered in deciding motion for summary judgment); Stewart v. Personnel Pool of Am., Inc., Civ. A. No. 92-2581, 1993 WL 525575, at *6 (D.N.J. Dec. 16, 1993) (refusing to consider EEOC's determination at summary judgment stage because it would not be admissible at trial) (citing Williams v. Borough of West Chester, Pa., 891 F.2d 458, 458 n.12 (3d Cir. 1989)).

Moreover, an EEOC determination is not sufficient, on its own, to create genuine issues of material fact.  See Johnson v. Medical Ctr. La. at New Orleans, 2002 WL 31819124, slip op. at *6 (E.D. La. 2002) (copy attached at Tab 1) (noting that the EEOC's determination "is not a determination that intentional discrimination occurred" and that the determination "does not by itself raise a genuine issue of material fact"); see also Price v. Fed. Express Corp., 283 F.3d 715, 725 (5th Cir. 2002) (affirming district court's decision to grant summary judgment against

plaintiff despite EEOC determination supporting plaintiff's discrimination allegations). Because the EEOC's determination is not admissible to establish disputed issues of fact and Plaintiff has pointed to no other evidence creating a dispute over any genuine issue of material fact in this case, Plaintiff has failed to meet his burden and Verizon is entitled to judgment as a matter of law.

**B.    There Is No Genuine Issue of Material Fact With Regard To Plaintiff's Failure To Accommodate Claim.**

   **1.    Plaintiff's Sworn Testimony Establishes That He Was Not Substantially Limited in Any Major Life Activity.**

In its Brief in Support of Motion for Summary Judgment ("Brief in Support"), Verizon established that Plaintiff's multiple sclerosis does not rise to the level of an ADA-covered disability because the moderate limitations on Plaintiff's ability to walk and carry heavy objects do not constitute substantial limitations under the ADA. (Brief in Support at 14-17.) While Plaintiff persists with his contention that he is "substantially limited" in some major life activity, he has provided no record evidence from which such a conclusion could be drawn. To the contrary, Plaintiff's sworn deposition testimony directly contradicts his contention that his "impairment [causes him] great difficulty in walking and prevents him from carrying heavy objects." (First Amended Complaint, ¶47). For example, Plaintiff testified at his deposition that outside of infrequent episodes, "I actually come back to my normal self. . . . [T]here's no symptoms, there's nothing. So once it goes back to that point, I can do anything." (Tab B of Brief in Support, Pl. Dep. at 106-107.) With respect to walking, Plaintiff testified that he only uses a cane "as a precaution as opposed to a necessity." (Tab B of Brief in Support, Pl. Dep. at 135-36.) And, he admits "walking around the house is no problem, [nor is] walking on flat surfaces." (Tab B of Brief in Support, Pl. Dep. at 109.) With respect to his purported inability to "carry[] heavy objects," Plaintiff testified that his condition simply causes him to "just lift so

-4-

much" because potentially he "could end up dropping things." (Tab B of Brief in Support, Pl. Dep. at 193). Because Plaintiff's own testimony establishes that he is not substantially limited in a major life activity, Plaintiff cannot establish that his condition is an ADA-covered disability.

In his Opposition Brief, Plaintiff cites only two cases to support his claim that he is "disabled" under the ADA: <u>Toyota Motor Mfg, Kentucky, Inc. v. Williams</u>, 534 U.S. 184 (2002) and <u>Gargliardo v. Connaught Labs., Inc.</u>, 311 F.3d 565 (3d Cir. 2002). However, neither of these cases support Plaintiff's claim. First, <u>Toyota</u> addresses whether an individual is limited in the major life activity of performing manual tasks. Plaintiff, however, does not contend that he is limited in his ability to perform manual tasks. Instead, Plaintiff contends that the only limitations caused by his condition are "difficulty walking and . . . carrying heavy objects." (First Amended Compl. ¶47). Second, <u>Gargliardo</u> involved an individual who could not think, focus or remember. Plaintiff has also not alleged, and has not contended at any point in this litigation, that his multiple sclerosis affects his ability to think, focus or remember. To the contrary, Plaintiff repeatedly testified that "[m]entally I was fine." (Tab B of Brief in Support, Pl. Dep. at 122-23, 126, 167, and 196).

Plaintiff has not provided any record evidence or authority from which the court could conclude that there is dispute of material facts to whether Plaintiff is substantially limited in any capacity as defined by the ADA. Verizon, therefore, is entitled to judgment as a matter of law on Plaintiff's failure to accommodate claim.

2. **Plaintiff Admits that His Request To Work From Home Was Not Related To Any Work Place Limitations.**

Even assuming Plaintiff had an ADA-covered disability, Verizon established that Plaintiff never requested an accommodation related to any workplace limitations. (Brief in Support at 17-20.) Indeed, in his Opposition Brief, Plaintiff reconfirms that he "requested the

PII-1082934v2

ability to telecommute as a reasonable accommodation so that he would be able to work from home, rather than endure the travel from Northeast Philadelphia to the office." (Opp. Br. at 23; see also, Tab B. of Brief in Support, Pl. Dep. at 222, 427-28.) Plaintiff cites no case law that suggests that an employer is obligated to accommodate a commuting inconvenience. Therefore, because the ADA only requires an employer to remove workplace barriers, not solve commuting problems unrelated to an employee's performance of the essential functions of his job, (see Brief in Support at 17-20 and cases cited therein), Plaintiff's claim fails as a matter of law.

Notwithstanding it had no obligation to accommodate Plaintiff's commuting inconvenience, Plaintiff argues that Verizon failed to participate in good faith in the interactive process to determine a reasonable accommodation for him. (Opp. Br. at 23.) Plaintiff misunderstands the parties' obligations to engage in the interactive process. The purpose of the interactive process is to determine what reasonable accommodation is needed to permit an otherwise qualified individual to perform the essential functions of his job. See Taylor v. Phoenixville Sch. Dist., 184 F.3d at 296, 317 (3d Cir. 1999) (stating that employee has "burden of showing that a particular accommodation . . . would have made the employee qualified to perform the job's essential functions"); see also 29 C.F.R. § 1630.2(o)(3) ("This process should identify the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome those limitations."). In this case, Plaintiff does not contend that his multiple sclerosis affected his ability to perform the essential functions of his job. In fact, Plaintiff has testified to the contrary. (Tab B of Brief in Support, Pl. Dep. at 196; Tab C of Brief in Support, EEOC ADA Intake Questionnaire at 2.) Because Plaintiff admittedly did not require an accommodation to perform the essential functions of his job, Verizon had no obligation to seek and/or provide an accommodation for him.

Finally, Verizon has demonstrated that Plaintiff's request to work from home was unreasonable under the facts of this case because it was not related to any workplace limitations. (Brief in Support at 18-20.) Plaintiff does not dispute this argument in his Opposition Brief. Instead, he simply cites to four cases[2] where there were disputed issues of fact about whether a work-at-home accommodation would have allowed the employees to perform the essential functions of their job. Because it is undisputed in this case that Plaintiff's condition did not affect his ability to perform the essential functions of his job, these cases are inapposite. Further, because Plaintiff has not raised any genuine issues of material fact with regard to his failure to accommodate claim, Verizon is entitled to summary judgment.

**C.  There Is No Genuine Issue of Material Fact With Regard To Plaintiff's Discriminatory Termination Claim.**

As set forth in Verizon's Brief in Support of Motion for Summary Judgment: (1) Plaintiff cannot establish a prima facie case of discrimination under the ADA; (2) even if he could, Verizon has articulated a legitimate, nondiscriminatory reason for Plaintiff's termination; and (3) Verizon's reasons for terminating Plaintiff's employment were not pretextual. (Brief in Support at 21-27.) In response, Plaintiff argues that his claims should survive summary judgment because Verizon regarded him as disabled and, because of the timing of his termination, Verizon's legitimate, nondiscriminatory reasons for his termination are suspect. (Opp. Br. at 25-27.) As is set forth below, Plaintiff's arguments are insufficient as a matter of law to defeat summary judgment.

---

[2]  Langon v. Department of Health and Human Servs., 959 F.2d 1053, 1061 (D.C. Cir. 1992); Humphrey v. Memorial Hosps. Assoc., 239 F.3d 1128, 1136 (9th Cir. 2001); Anzalone v. Allstate Ins. Co., Civ. A. No. 93-2248, 1995 WL 21672, at *5 (E.D. La. Jan. 19, 1995); Norris v. Allied-Sysco Food Servs., Inc., 948 F. Supp. 1418, (N.D. Cal. 1996).

1. **Verizon's Alleged Awareness of Plaintiff's Condition Is Insufficient As a Matter of Law to Establish a "Regarded As" Claim Under the ADA.**

Verizon has demonstrated that Plaintiff did not suffer from an ADA-covered disability. (Section II.B.1., supra; Brief in Support at 14-17, 21-24). In support of his fallback "regarded as" claim, Plaintiff simply states that "Brown and Schmidt were aware of Yudkovitz's neurological problem in December 1999, observed him having difficulty walking and using a cane, and in April 2000 became aware of the MS diagnosis." (Opp. Br. at 25.) Plaintiff concludes, based on the foregoing statement and nothing more, that Verizon "regarded him" as disabled. (Opp. Br. at 25.) In fact, Plaintiff's supervisors knew nothing about Plaintiff's condition.[3] In any event, Plaintiff's supervisor's alleged awareness of Plaintiff's condition is insufficient to establish a "regarded as" claim under the ADA. See, e.g., Kelly v. Drexel Univ., 94 F.3d 102, 108-09 (3d Cir.1996) (stating that the "mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate . . . that the employer regarded the employee as disabled"); Moore v. J.B. Hunt Transport, Inc., 221 F.3d 944, 954 (7th Cir. 2000) (holding, in regarded as claim, that "it is not enough for [the employee] to show that [his employer] was aware of his impairment; instead [the employee] must show that [his employer] knew of the impairment and believed that [the employee] was substantially limited because of it."); Sutton v. Lader, 185 F.3d 1203, 1209 (11th Cir. 1999) ("The mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate that the employer regarded the employee as disabled."); Cody v. CIGNA Healthcare of St. Louis, Inc., 139 F.3d 595, 599 (8th

---

[3] Verizon's third-party benefits administrator, CORE, Inc., did not disclose any information about Plaintiff's medical condition to Verizon personnel. See Exhibit A, Affidavit of Andrew J. Bernstein at ¶¶ 2-9; Tab D of Brief in Support, Brown Dep. at 31-33.

Cir. 1998.) ("Schultz's mere knowledge of behavior that could be associated with an impairment does not show that Cigna treated Cody as if she were disabled.").

Therefore, because Plaintiff cannot establish that he was disabled under the ADA or that he was "regarded as" disabled under the ADA, Plaintiff has failed to establish a prima facie case of disability discrimination and Verizon is entitled to summary judgment.

> 2. **Plaintiff Has Failed To Point To Any Evidence Establishing That Verizon's Reasons For His Termination Were Pretextual.**

In its Brief in Support, Verizon established that there was no evidence whatsoever that Verizon's decision to terminate Plaintiff's employment was motivated by discriminatory animus. (Brief in Support at 25-27.)  And, indeed, Plaintiff has cited to no evidence to the contrary in his Opposition Brief.  Instead, relying solely on the timing of his termination, several weeks after he disclosed that he had been diagnosed with multiple sclerosis, Plaintiff asks the Court to disbelieve that Verizon terminated his employment for poor performance.  (Opp. Br. at 27.) However, "temporal proximity, standing alone, is not sufficient evidence of pretext." Skrjanc v. Great Lakes Power Serv. Co., 272 F.3d 309, 317 (6th Cir. 2001); accord, Nelson v. J.C. Penney Co., Inc., 75 F.3d 343, 346-47 (8th Cir. 1996); Anderson v. Coors Brewing Co., 181 F.3d 1171, 1180 (10th Cir. 1999).  Further, Plaintiff concedes that his performance was rated as unsatisfactory well before he told Rosemary Brown that he suffered from multiple sclerosis. (Opp. Br. at 12-13.)  Additionally, Plaintiff admits that he was placed on a Performance Improvement Plan in March 2000, well before he ever disclosed his condition.  (Opp. Br. at 13-14.)  At no point has Plaintiff disputed the validity of Verizon's evaluation of his unsatisfactory performance.  Instead, Plaintiff attempts to defend is poor performance based on his alleged lack of experience and lack of training.  (Opp. Br. at 13.)  This from a man that touts over 30 years of

experience in the computer science field. (Tab A of Brief in Support, Plaintiff's Resume; Tab B of Brief in Support, Pl. Dep. at 26-97, 112-17, 127-28.)

To the extent that Plaintiff's Opposition Brief can be read to suggest that Verizon's expectations of Plaintiff were unreasonable, that too is insufficient to establish pretext. See, e.g., Hadrosek v. Paging Network, Inc., 155 F.3d 559 (Table) (4th Cir. 1998) ("Even if an employer's expectations are unreasonable, however, it does not necessarily follow that the expectations mask discrimination."); Snyder v. Saberliner Corp., 101 F. Supp. 2d 1239, 1244-45 (E.D.Mo. 1999) ("Merely assigning plaintiff additional duties does not establish that defendant's job expectations were illegitimate. Federal courts do not sit as a super personnel department reviewing the wisdom or fairness of business decisions, except to the extent that those judgments involve intentional discrimination.") (citing Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir.1995)).

Plaintiff has provided no evidence from which the Court could disbelieve Verizon's legitimate, nondiscriminatory reasons for terminating Plaintiff's employment. Therefore, Plaintiff's discriminatory termination claim fails as a matter of law and Verizon is entitled to summary judgment.

**D.   Plaintiff Cannot Raise a Retaliation Claim For the First Time at Summary Judgment.**

Finally, Plaintiff attempts in his Opposition Brief to allege that his termination was in retaliation for his requesting to work from home. (Opp. Br. at 27-28.) Plaintiff, however, did not allege retaliation in his original Complaint or in his First Amended Complaint. It is well-settled that a plaintiff cannot raise new claims at the summary judgment stage of the case. See, e.g., Shelton v. University of Medicine & Denistry of N.J., 223 F.3d 220, 228-29 (3d Cir. 2000) (recognizing that was proper for district court not to consider claim not raised in plaintiff's

complaint); Hart v. Jefferson County, 112 F.3d 516 (Table) (9th Cir. 1997) (recognizing "the general rule that we will not consider claims not raised in plaintiff's complaint"); Landano v. U.S. Dep't of Justice, 873 F. Supp. 884, 891 (D.N.J. 1994) (stating that because "Plaintiff did not allege [the] claim in its complaint . . . [he] cannot raise [it] on a . . . motion for summary judgment.").

Even assuming Plaintiff had raised a retaliation claim in his First Amended Complaint, that claim would fail because Plaintiff cannot establish that he engaged in any protected activity or that his termination was causally connected to any protected activity. See Krouse v. American Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997) (setting forth the prima facie case of retaliation as: (1) plaintiff engaged in protected activity; (2) plaintiff suffered an adverse employment action; and (3) a causal connection between the two). Plaintiff appears to argue that his protected activity was his request to work from home. (Opp. Br. at 27-28.) However, as the record evidence establishes, Plaintiff's request was due to a commuting inconvenience, not because of any substantial limitations in the workplace. Thus, his request does not constitute protected activity. See Williams v. Eastside Lumberyard and Supply Co., Inc., 190 F. Supp. 2d 1104, 1122 n.15 (S.D. Ill. 2001). Further, even if Plaintiff's request to work from home was related to an ADA-covered disability, Plaintiff has pointed to no evidence whatsoever that his termination was related to that request.

### III.  CONCLUSION

For all of the foregoing reasons, the Court should grant Verizon's motion for summary judgment and dismiss with prejudice Plaintiff's First Amended Complaint in its entirety.

April 9, 2003                                      Respectfully submitted,

_____/s/_____
James S. Urban (admitted *pro hac vice*)
Pa. I.D. #82019
Todd C. Duffield (admitted *pro hac vice*)
Pa. I.D. #84041
John E. Iole, *Associate Counsel*
Pa. I.D. #47768

Jones Day
One Mellon Center
500 Grant Street, Suite 3100
Pittsburgh, PA  15219
Tel:  412-391-3939
Fax: 412-394-7959

Attorneys for Defendants Bell Atlantic Corporation, Bell Atlantic Network Services, Inc. Verizon Communications Inc. and Verizon Services Corp.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **Defendants' Reply Brief in Support of Motion for Summary Judgment** was served this day upon counsel for Plaintiff via first-class, U.S. Mail, postage prepaid, at the following address:

>   Andrew S. Abramson, Esq.
>   LAW OFFICES OF ANDREW S. ABRAMSON
>   The Pavilion
>   261 Old York Road, Suite 511
>   P.O. Box 724
>   Jenkintown, PA  19046

Dated:  April 9, 2003                          /s/
                                              Todd C. Duffield